IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BILBRO,<br>          Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:19-cv-00246-E (BT) |
| | § | |
| DIRECTOR, TDCJ-CID,<br>          Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

James Bilbro, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should dismiss Bilbro's petition with prejudice.

I.

Bilbro was charged in a Dallas County Criminal District Court with possession of over 400 grams of methamphetamine with the intent to deliver. The indictment also included a deadly weapon allegation. Bilbro pleaded guilty to the charges in the indictment and pleaded true to the deadly weapon allegation. On October 26, 2016, the trial court sentenced him to fifteen years' imprisonment.

The next week, Bilbro filed a motion for a new trial, and the trial court granted the motion that same day. Then, on December 19, 2016, the trial court rescinded its order granting the motion for a new trial. The trial court's order

stated, "The Court inadvertently granted Defendant's Motion for New Trial." Clerk's R. at 44. The trial court then denied Bilbro's motion for a new trial and also denied a motion to reconsider. *Id.* 49-59.

The Court of Appeals for the Fifth District of Texas affirmed the trial court's judgment. *See Bilbro v. State*, No. 05-17-00120-CR, 2018 WL 525682 (Tex. App. – Dallas Jan. 24, 2018, pet. ref'd). On May 9, 2018, the Texas Court of Criminal Appeals (CCA) refused discretionary review. *Bilbro v. State*, No. PD-0209-18.

Bilbro filed his § 2254 petition (ECF No. 3) in this Court on January 7, 2019.[1] In his petition, he claims the trial court denied him due process when it (a) entered a *nunc pro tunc* order "to change a 'judicial reasoning' rather than a 'clerical error'" and (b) rescinded its previous order granting him a new trial without holding a hearing. The Director filed a response, and Bilbro filed two replies. Accordingly, his claims are fully-briefed and ripe for determination.

II.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Bilbro signed and dated his petition on January 7, 2019. Pet. 10-11 (ECF No. 3). The Court assumes Bilbro gave it to prison officials for mailing on the same date.

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

B.

In his first claim, Bilbro argues that the trial court denied him due process when it entered a *nunc pro tunc* order "to change a 'judicial reasoning' rather than a 'clerical error.'" Pet. 6 (ECF No. 3); Mem. 3-5 (ECF No. 4). Bilbro argues in his second claim that the trial court violated his right to due process when it rescinded a previous order granting him a new trial without conducting a hearing. Pet. 6 (ECF

3

No. 3); Mem. 5-8 (ECF No. 4). As discussed below, these claims are meritless and fail to overcome the AEDPA's deferential standard of review.

Bilbro raised his first and second claims on direct appeal. Therefore, the Court must review the decision by the state Court of Appeals—as "the last reasoned opinion" on the matter—to determine whether the denial of these claims was contrary to, or an unreasonable application of, federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Bell v. Miss. Dept. of Corrections*, 290 F. App'x 649, 654 (5th Cir. 2008) (quoting *Ylst*, 501 U.S. at 803.). The Court of Appeals explained:

> In a single issue, Bilbro contends the trial court erred in rescinding its November 1, 2016 order granting a new trial without conducting a hearing. We affirm the trial court's judgment.
>
> "A judge may commit clerical error as well as judicial error." *Moore v. State*, 446 S.W.2d 878, 880 (Tex. Crim. App. 1969); *Smith v. State*, 801 S.W.2d 629, 631 (Tex. App.–Dallas 1991, no pet.). "[C]lerical error . . . can be corrected" by the trial court. *English v. State*, 592 S.W.2d 949, 956 (Tex. Crim. App. 1980); *see also Rodriguez v. State*, 42 S.W.3d 181, 186 (Tex. App.–Corpus Christi 2001, no pet.) ("Clerical errors in both judgments and orders are subject to being corrected."). Judicial error is the product of judicial reasoning arising from a mistake in law or fact. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Cornealius v. State*, 870 S.W.2d 169, 176 (Tex. App.–Houston [14th Dist.] 1994), *aff'd*, 900 S.W.2d 731 (Tex. Crim. App. 1995). Clerical error does not arise from judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). The trial court may correct the entry of an order that incorrectly states the court's intent. *English*, 592 S.W.2d at 955–56. The trial court's inadvertent grant of a motion for new trial is a clerical error the trial court may rescind and correct. *Id.* (trial court may correct order "signed by inadvertence and mistake . . . [where judge] had no intention of granting a new trial."); *see also Kirk v. State*, 454 S.W.3d 511, 513 n.10 (Tex. Crim. App. 2015) (recognizing trial court's authority to rescind an order granting a new trial that was the result of clerical error).

4

> The December 19, 2016 order states that because "[the] Court inadvertently granted Defendant's [November 1, 2016] Motion for New Trial . . . the Court's order granting Defendant's Motion for New Trial is RESCINDED and Defendant's Motion for New Trial is DENIED." No hearing was held on the motion for new trial; no evidence was adduced from which the trial court could have knowingly granted a new trial. *English*, 592 S.W.2d at 955 ("The signing of an order form is not all there is to granting a new trial."). The trial court did not intend to grant Bilbro's motion for new trial, and properly corrected its clerical error without holding a hearing. *Stepan v. State*, 244 S.W.3d 642, 643 (Tex. App.–Austin 2008) (concluding trial court did not err in rescinding order granting a motion for new trial for which no hearing was held with a "nunc pro tunc order sua sponte correcting the previous order signed by mistake" and affirming trial court's judgment without requiring further hearing). Requiring the trial court to hold a hearing concerning the propriety of rescinding its December 19, 2016 order in this case would be a "useless task" because the outcome would not change. *See Homan v. Hughes*, 708 S.W.2d 449, 454–455 (Tex. Crim. App. 1986) (requiring trial court to hold a hearing on the propriety of entering an order nunc pro tunc would be a "useless task" because trial court's actions would remain unchanged).
>
> We affirm the trial court's judgment.

*Bilbro*, 2018 WL 525682, at *1-2.

The state Court of Appeals' determination that the trial court committed a clerical error that could be corrected without holding a hearing and without having Bilbro present is consistent with federal law. Under federal law, when a court corrects a clerical error in the absence of the defendant, it does not constitute a deprivation of due process. *See Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970) ("[A]lthough it has been held that the better practice would be to have the defendant present when correcting clerical errors, we find no prejudice to the defendant . . . In any event, the defendant's absence could not rise to a deprivation

5

of due process.") (internal citation omitted); *see also Camp v. State*, 2007 WL 710183, at *5 (W.D. N.C. Mar. 6, 2007) ("While it may have been preferable to have Petitioner present when the Court corrected the computation error in his Prior Record Level, Petitioner's absence does not rise to the level of a deprivation of due process.") (citing *Cook*, 426 F.2d at 1360).

  Moreover, in Bilbro's first claim, he essentially argues that the trial court erred in concluding it made a clerical error as opposed to a judicial error in its order. Any rule precluding a court from correcting a clerical error without conducting a hearing where the defendant was present would be a new constitutional rule that is not applicable to a final conviction on collateral review under *Teague v. Lane*, 489 U.S. 288 (1989). *Teague* held that a case announces a "new rule" if "it breaks new ground or imposes a new obligation" on the government. *Id.* at 301. Bilbro has failed to demonstrate that any such rule would fall within a *Teague* exception. *See id.* at 311 (if a rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) creates a "watershed rule of criminal procedure," then it falls under a *Teague* exception, and it is appropriate to apply it retroactively) (internal quotation marks and citations omitted).

  Bilbro has failed to demonstrate that the state court's determination of these issues was inconsistent with clearly established federal law as determined by the Supreme Court or "[is] based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2). To the extent Bilbro relies on a state law

6

decision to support his argument, it fails as legally insufficient. He cannot challenge the state court's ruling based on a state law argument. "Under § 2254, federal habeas courts sit to review state court misapplications of *federal* law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011). Bilbro has failed to demonstrate the state court's ruling on his claims was so lacking that there "was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lucio v. Lumpkin*, 987 F.3d 451, 478 (5th Cir. 2021) (quoting *Richter*, 562 U.S. at 103); *Crotts v. Enax*, 2020 WL 7261055, at *3 (S.D. Tex. Dec. 10, 2020) (quoting *Richter*, 562 U.S. at 103).

Last, with respect to Bilbro's first claim, to the extent he is raising a new claim in federal court rather than challenging the state court's determination that the trial judge made a clerical error and not a judicial error, his claim fails because it is unexhausted. Before a state prisoner seeks a federal writ of habeas corpus, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the Texas CCA in a petition for discretionary review; or (2) he can file an

7

application for writ of habeas corpus in the Texas CCA. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A claim is deemed unexhausted if a petitioner has the right under state law to raise it through any available procedure offered by the state and fails to do so. 28 U.S.C. § 2254(c). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Federal courts dismiss without prejudice a federal habeas petition when the grounds contained therein have not been exhausted. *See Rose*, 455 U.S. at 510. "[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement". *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Vela v. Estelle*, 708 F.2d 954, 958 n. 5 (5th Cir. 1983)). Bilbro failed to present his first claim to the Texas CCA. Therefore, it is not properly exhausted and should be dismissed. *See Rose*, 455 U.S. at 510.

For these reasons, Bilbro's first claim should be denied, or in the alternative dismissed. And his second claim should be denied.

## Recommendation

The Court should deny Bilbro's first claim, or in the alternative, dismiss it, and deny his second claim. The Court should dismiss his § 2254 petition with prejudice.

Signed December 3, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).